**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff/Respondent,**

**v.** **No. CV 07-0899 WJ/LAM**
**CR 04-1553 WJ**

**CHARLES ELLWOOD GWATHNEY,**

**Defendant/Movant.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Charles Ellwood Gwathney's ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (hereinafter "***Motion***")[2] *(Doc. 1)*, filed on September 10, 2007.[3] In response to the ***Motion***, Plaintiff/Respondent filed ***Government's Response to Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Filed September 10, 2007*** (hereinafter "***Response***") *(Doc. 11)*, on November 13, 2007. On December 7, 2007, Mr. Gwathney filed a reply to the Government's response titled ***Petitioner's***

---

[1]**Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-07-0899.

[3]In support of the ***Motion***, Mr. Gwathney also filed an ***Affidavit in Support of U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence*** *(Doc. 2)* and ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)*, on September 10, 2007.

***Reply Brief to Government's Response to Petitioner's 28 U.S.C. § 2255 [Motion]*** *(Doc. 12)*. The Government filed a surreply titled ***Government's Limited Response to Petitioner's Reply Brief*** *(Doc. 14)* on December 12, 2007, and Mr. Gwathney filed a sur-surreply titled ***Petitioner's Response to Government's Limited Response and Motion in Support of an Evidentiary Hearing*** *(Doc. 15)* on December 26, 2007.

Also before the Court are Mr. Gwathney's ***Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion*** (*Doc. 5*) and his second ***Motion Substantiating the Need for an Evidentiary Hearing*** *(Doc. 18)*, and Mr. Gwathney's ***Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel*** (*Doc. 10*) and ***Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005*** *(Doc. 13)*.

United States District Judge William P. Johnson referred the claims raised in the ***Motion*** to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[4] Having considered the parties' submissions, relevant law, and the record in this case and in Mr. Gwathney's underlying criminal case contained in Case No. CR-04-1553, the undersigned recommends, for the reasons set forth below:

(1) that the claims raised in Mr. Gwathney's ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 1)* be **DENIED** and that Case No. CIV-07-0899 be **DISMISSED with prejudice;**

---

[4]*See* ***Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases*** *(Doc. 6)*.

(2) that the ***Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion*** (*Doc. 5*) and ***Motion Substantiating the Need for an Evidentiary Hearing*** *(Doc. 18)* be **DENIED**;

(3) that the ***Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel*** (*Doc. 10*) and ***Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005*** *(Doc. 13)* be **DENIED**; and

(4) that the ***Motion to Produce Grand Jury Transcript and Material*** *(Doc. 16)* be **DENIED as MOOT**.

**Factual and Procedural Background**

According to the criminal complaint in the underlying criminal case, on May 23, 2004, Patrolman Smid, a New Mexico Department of Public Safety Motor Transportation Department Patrolman who was working at the port of entry in Gallup, New Mexico, conducted an inspection of Mr. Gwathney's tractor-trailer and asked for Mr. Gwathney's log book. Patrolman Smid noticed that the log book indicated that Mr. Gwathney loaded a load of potatoes on May 21, 2004, in Phoenix, Arizona, and then did not leave Phoenix until approximately thirty-three hours later on May 23, 2004. Patrolman Smid found this delay of time suspicious because potatoes spoil easily. Upon inspection of the tractor-trailer, Patrolman Smid found boxes that contained a substance he believed to be marijuana. Patrolman Smid arrested Mr. Gwathney for Possession with Intent to Distribute Marijuana. A field test subsequently yielded a positive result for the presence of marijuana, and the gross weight of the marijuana was 336 pounds.[5] Mr. Gwathney was indicted by a grand jury

[5]*See* ***Criminal Complaint*** *(Doc.1)*, filed in Case No. MJ-04-00356/CR-04-1553, at 1-3. *See also* Uniform Incident Report in ***Motion to Suppress*** *(Doc. 26)*, filed in Case No. CR-04-1553, at Exhibit A, pages 7 of 9 through (continued...)

on August 11, 2004, and charged with possession with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[6] On August 30, 2004, Mr. Gwathney filed a motion to suppress the evidence, which was denied by the United States District Judge William P. Johnson on November 12, 2004.[7]

At trial, Mr. Gwathney testified in his own defense, and when he was asked about paying for the repairs to his tractor-trailer, he stated that the owner of the truck sent Mr. Gwathney a wire transfer of funds through Western Union.[8] In rebuttal, a government agent testified that he faxed a subpoena to Western Union and Western Union replied that it had no record of any wire transfers to Mr. Gwathney during the relevant time period.[9] In addition, the Government put on evidence showing that the repairs to the tractor-trailer totaled $14,000.00 and were paid for in cash by Mr. Gwathney.[10] Mr. Gwathney was convicted as charged after trial by the jury on December 15, 2004.[11] After trial, Mr. Gwathney filed a motion asking the Court to order Western Union to produce all records of wire transfers to Charles Gwathney and from Solomon Shaw or

---

[5](...continued) 8 of 9.

[6]*See* ***Indictment*** *(Doc. 20)*, filed in Case No. CR-04-1553.

[7]*See* ***Motion to Suppress*** *(Doc. 26)*, filed in Case No. CR-04-1553, ***Clerk's Minutes*** *(Doc. 46)*, filed in Case No. CR-04-1553, and ***Order*** *(Doc. 47)*, filed in Case No. CR-04-1553.

[8]*See* ***Motion for a New Trial*** *(Doc. 85)*, filed in Case No. CR-04-1553, at 1-2.

[9]*Id.* at 2.

[10]*See* ***Government's Response to Defendant's Motion for New Trial*** *(Doc. 87)*, filed in Case No. CR-04-1553, at 11-12.

[11]*See* ***Verdict*** *(Doc. 66)*, filed in Case No. CR-04-1553.

Robert Kempster, citing for support a Western Union receipt for $30.00 that Mr. Gwathney's daughter wired to him during the relevant time period, and arguing that the receipt contradicts the testimony of the government's agent during the trial.[12] The Court granted Mr. Gwathney's motion for an order to Western Union to produce business records,[13] and in response to that order Western Union produced three receipts: the one for $30.00 from Mr. Gwathney's daughter, one for $500.00 for Mr. Gwathney's paycheck, and one for $921.00 from Solomon Shaw.[14] Based on these receipts produced by Western Union, Mr. Gwathney moved for a new trial,[15] but the District Court denied his motion because it found that the Government did not suppress the receipts, the receipts were not material to Mr. Gwathney's guilt, and introduction of the receipts would not have led to an acquittal.[16] Mr. Gwathney was sentenced to 137 months in prison.[17] He then appealed his conviction to the Tenth Circuit Court of Appeals, which upheld his conviction and sentence in a published

---

[12]*See* ***Motion for Order to Produce Business Records of Western Union Financial Services and Documents Seized in Defendant's Truck*** *(Doc. 75)*, filed in Case No. CR-04-1553, at 2-3 and Exhibit A.

[13]*See* ***Order to Produce Documents*** *(Doc. 80)*, filed in Case No. CR-04-1553.

[14]*See* ***Motion for a New Trial*** *(Doc. 85)*, filed in Case No. CR-04-1553, at 2 and Exhibit A at pages 6 of 10, 7 of 10, and 9 of 10. Western Union states in a letter to Mr. Gwathney dated June 8, 2007, that the reason the search conducted in response to the April 6, 2005, order produced different results than the searches conducted in response to the Government's subpoena is because the subpoena asked for transactions involving "Charles Ellwood Gwathney" and "Soloman Shaw," and the April 6, 2005, order asked for transactions involving "Charles Gwathney" and "Solomon Shaw." *See* ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 11 of 38.

[15]*Id.* at 2-3.

[16]*See* ***Clerk's Minutes*** *(Doc. 93)*, filed in Case No. CR-04-1553.

[17]*See* ***Judgment in a Criminal Case*** *(Doc. 91)*, at 2, filed in Case No. CR-04-1553.

decision.[18] Mr. Gwathney's petition for writ of certiorari to the United States Supreme Court was denied.[19]

## Discussion

In his ***Motion*** *(Doc. 1)*, Mr. Gwathney makes the following claims: (1) that his trial counsel was ineffective for failing to protect his Fourth Amendment Rights by failing to argue that the search of the sleeper compartment was warrantless and without probable cause; (2) that his trial counsel was ineffective for failing to protect his Fifth Amendment Rights by failing to investigate the case, refusing to obtain exculpatory evidence and failing to challenge the sufficiency of the evidence; (3) that his trial counsel was ineffective for failing to obtain evidence that would refute the Government's evidence; (4) prosecutorial misconduct for manufacturing and presenting false evidence; and (3) actual innocence.[20]

### 1. Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Mr. Gwathney must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Second, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

---

[18] *See* ***Certified Copy of Judgment*** *(Doc. 100)*, filed in Case No. CR-04-1553, and *United States v. Gwathney*, 465 F.3d 1133 (10th Cir. 2006).

[19] *See* ***Notice of Denial of Petition of Writ of Certiorari*** *(Doc. 102)*, filed in Case No. CR-04-1553, and *Gwathney v. United States*, 127 S.Ct. 2151, 167 L.Ed.2d 879 (2007).

[20] *See* ***Motion*** *(Doc. 1)* at 6 of 18 through 8 of 18.

### *A. Ineffective Assistance of Counsel for Failing to Protect Mr. Gwathney's Fourth Amendment Rights*

In his ***Motion*** (*Doc. 1*), Mr. Gwathney states that his trial attorney failed to protect his Fourth Amendment rights because he failed to argue that Patrolman Smid searched the sleeper compartment of the tractor-trailer without probable cause, which made the evidence found after that "fruit of an illegal search," and that defense counsel failed to argue that Patrolman Smid opened the boxes (containing marijuana) from the tractor-trailer without a search warrant.[21] Mr. Gwathney also claims, in his ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)*, that his Fourth Amendment rights were violated because Patrolman Smid conducted an illegal search of the tractor-trailer without probable cause and testified falsely at trial.[22]

In response, the Government states that Mr. Gwathney's counsel litigated the issue of whether the search of Mr. Gwathney's tractor-trailer violated his Fourth Amendment rights, and that the district court and the Tenth Circuit found that the search was lawful.[23] The Government argues that Mr. Gwathney cannot show any prejudice from his defense counsel's performance because his claim that the search was unlawful has no merit.[24] In addition, Mr. Gwathney's trial counsel states in an affidavit that he did not object to the search of the sleeper compartment because that search did not

---

[21]*See* ***Motion*** *(Doc. 1)* at 6 of 18.

[22]*See* ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 2 of 38 through 6 of 38.

[23]*See* ***Response*** *(Doc. 11)* at 13-14.

[24]*Id.* at 14.

yield any inculpatory evidence, and that he vigorously and aggressively cross-examined Patrolman Smid regarding probable cause to enter the trailer.[25]

**i. Search of the Tractor-Trailer**

Mr. Gwathney's claim for ineffective assistance of counsel for failure to protect his Fourth Amendment rights appears to be primarily based on the issue of Patrolman Smid's inspection of the tractor-trailer and opening of the boxes containing marijuana.[26] The Court finds that this claim fails because Mr. Gwathney's counsel argued on direct appeal that Mr. Gwathney's Fourth Amendment rights were violated based on Patrolman Smid's search of the tractor-trailer and this issue was found to have no merit. Mr. Gwathney's counsel filed a motion to suppress the evidence obtained by Patrolman Smid from his search of the tractor-trailer, and this motion was denied by the United States District Judge William P. Johnson.[27] On direct appeal, Mr. Gwathney's counsel challenged the district court's denial of the motion to suppress, and the Tenth Circuit upheld the District Court and found that "Officer Smid was justified in entering the trailer to inspect the cargo" and that he "had probable cause to inspect the non-conforming packages for contraband."[28] Thus, since this issue was litigated on direct appeal and found to have no merit, it cannot be the basis for an ineffective assistance of counsel claim in this habeas action. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in the law of a circuit, issues disposed of on direct appeal

[25]*See* ***Response*** *(Doc. 11)* at Exhibit A, pages 1-2.

[26]*See* ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 2 of 38 through 6 of 38, where Mr. Gwathney argues at length that the search of the tractor-trailer was illegal.

[27]*See* ***Motion to Suppress*** *(Doc. 26)*, filed in Case No. CR-04-1553, ***Clerk's Minutes*** *(Doc. 46)*, filed in Case No. CR-04-1553, and ***Order*** *(Doc. 47)*, filed in Case No. CR-04-1553.

[28]*See Gwathney*, 465 F.3d at 1140.

generally will not be considered on collateral attack by motion for post-conviction relief); *United States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993) ("Failure to raise an issue that is determined not to have merit does not constitute constitutionally ineffective assistance of counsel."), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999). Thus, Mr. Gwathney's claim that his counsel was ineffective based on Patrolman Smid's search of the tractor-trailer fails.

**ii. Search of the Sleeper Compartment**

The Court notes that Mr. Gwathney appears to have abandoned this claim because he does not address it in his ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)*. Nevertheless, the Court will decide the claim on the merits since it was raised in Mr. Gwathney's ***Motion*** (*Doc. 1*). The Court finds that Mr. Gwathney's claim that his counsel was ineffective for failing to argue that Patrolman Smid's search of the sleeper compartment violated Mr. Gwathney's Fourth Amendment rights fails. First, to the extent this claim is a challenge to Mr Gwathney's trial counsel's strategic decisions, the claim fails because the failure of Mr. Gwathney's counsel to argue this point did not result in an unfair trial. *See Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997) ("A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness."). In addition, Mr. Gwathney fails to make any showing that the search of the sleeper compartment provided any inculpatory evidence, or that the search of the sleeper compartment led to the evidence found in the tractor-trailer. Because Patrolman Smid had probable cause to search the rest of the tractor-trailer independent of what he found in the sleeper compartment, there is no valid "fruit of the poisonous tree" argument. *See e.g., United States v. Williams*, 356 F.3d 1268, 1272-73 (10th Cir. 2004) (holding that to exclude evidence as "fruit of

the poisonous tree," a party must demonstrate a constitutional violation *and* that the evidence was a product of the violation). Thus, Mr. Gwathney's claim for ineffective assistance of counsel for failing to argue the search of the sleeper compartment violated Mr. Gwathney's Fourth Amendment rights is without merit.

### *B. Ineffective Assistance of Counsel for Failing to Protect Mr. Gwathney's Fifth Amendment Rights*

Mr. Gwathney next claims that his counsel failed to protect his Fifth Amendment rights by refusing to investigate the facts of Mr. Gwathney's case, refusing to obtain exculpatory evidence which Mr. Gwathney claims was in the tractor-trailer, and failing to properly challenge the sufficiency of the evidence, and that because of his attorney's ineffectiveness Mr. Gwathney was convicted with false evidence.[29] Mr. Gwathney claims that Exhibit 55 was unlawfully admitted in his trial and that the Court approved a jury instruction which allowed the jury to infer that Mr. Gwathney, as the driver and sole occupant of the vehicle, had knowledge of the controlled substance that was found.[30] Mr. Gwathney states that "[h]ad defense counsel argued the case as an effective lawyer would have, the courts would have seen that the error was not harmless."[31]

Exhibit 55 was Western Union's response to the Government's subpoena which stated that it had no receipts of wire transfers to Mr. Gwathney during the relevant time period. The Government argues that Mr. Gwathney's counsel not only correctly argued that Exhibit 55 was improperly introduced, but by doing so, he ensured that the issue was preserved for appeal. On

---

[29]*See* ***Motion*** *(Doc. 1)* at 7 of 18.

[30]*See* ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 7 of 38 through 9 of 38.

[31]*Id.* at 8 of 38.

appeal the Tenth Circuit agreed with Mr. Gwathney's counsel that the exhibit was improperly introduced because it was hearsay.[32] The Tenth Circuit found that introducing this exhibit was harmless error was because it did not go to the core issue of the case, which was whether Mr. Gwathney had knowledge of the marijuana in the tractor-trailer.[33] As for the jury instruction, the Government states that defense counsel objected to the instruction and preserved the issue for appeal, and the Tenth Circuit addressed the issue and found that the District Court was correct in permitting the instruction.[34]

The Court finds that Mr. Gwathney's counsel acted reasonably by objecting to Exhibit 55 and the jury instruction of which Mr. Gwathney complains, and that Mr. Gwathney does not show how his counsel failed to protect his Fifth Amendment rights. As previously explained above, these issues were litigated on direct appeal and found to have no merit and, therefore, they cannot be the basis for an ineffective assistance of counsel claim. *See Prichard*, 875 F.2d at 791; *Dixon*, 1 F.3d at 1083 n.5. Mr. Gwathney's claims that his counsel failed to investigate any facts or obtain additional evidence also fail because Mr. Gwathney does not state what these facts or evidence would show. *See Gamble, Simmons & Co.*, 175 F.3d at 773 n.5 ("In the absence of sufficient citation to record support for a party's allegations, we decline to search for the proverbial needle in a haystack."); *see also Hall*, 935 F.2d at 1110 (*pro se* litigant must allege "sufficient facts on which a recognized legal claim could be based"). Again, Mr. Gwathney does not show that his counsel's performance fell below an objective standard of reasonableness, and thus, Mr. Gwathney's claim for

---

[32]*See* ***Response*** *(Doc. 11)* at 15; and *Gwathney*, 465 F.3d at 1141-42.

[33]*See* ***Response*** *(Doc. 11)* at 15.

[34]*Id.* at 16.

ineffective assistance of counsel for failing to protect Mr. Gwathney's Fifth Amendment rights should be denied.

### *C. Ineffective Assistance of Counsel for Failing to Obtain Evidence*

Next, Mr. Gwathney argues that his counsel was ineffective because he failed to obtain evidence prior to trial that would have countered the Government's evidence about payment of repairs to the tractor-trailer.[35] Mr. Gwathney contends that if his counsel had obtained, prior to trial, the evidence from Western Union that he had been wired the $921.00 from Solomon Shaw, then Mr. Gwathney would not have looked untruthful in front of the jury and would not have been convicted.[36] The Government states that Mr. Gwathney's counsel was not ineffective because, as the Tenth Circuit found on Mr. Gwathney's direct appeal, the wire transfer of $921.00 did not explain the remaining payment(s) in cash of $14,000.00 for repairs to the truck.[37] Therefore, even if Mr. Gwathney's counsel had obtained the receipts from Western Union, they are not sufficient to rehabilitate Mr. Gwathney's credibility after he was impeached by the government agent's testimony because they do not explain where Mr. Gwathney obtained the majority of the money used to repair the truck.[38]

The Court finds that Mr. Gwathney fails to meet the second prong of *Strickland* for this claim because he does not show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If Mr. Gwathney's

---

[35]*See* ***Motion*** *(Doc. 1)* at 7 of 18. *See also* **Factual and Procedural Background** section above.

[36]*See* ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 13 of 38.

[37]*See* ***Response*** *(Doc. 11)* at 17.

[38]*Id.* (referencing the Tenth Circuit's decision).

counsel had been able to present the Western Union receipts for $30.00, $500.00, and $921.00, respectively, in rebuttal to the government agent's testimony that Western Union did not wire Mr. Gwathney any money during the relevant time period, it would only show that Mr. Gwathney was wired a portion of the $14,000.00 that was paid for the repairs to his truck, which, at most, may have partially repaired Mr. Gwathney's credibility in front of the jury. However, as the Tenth Circuit explained, these receipts fail to address the issue of whether Mr. Gwathney had knowledge of the marijuana on the truck, which was the crime for which he was convicted.[39] Mr. Gwathney's claim for ineffective assistance of counsel for failing to obtain evidence should, therefore, be denied.

**2. Prosecutorial Misconduct**

Mr. Gwathney claims that the prosecutor knowingly and intentionally withheld the receipts from Western Union showing that Mr. Gwathney had received money during the relevant time period, and that he manufactured Exhibit 55 and knew that it was false when he introduced it.[40] The Government responds that: (1) the claim is barred because Mr. Gwathney failed to raise it on direct appeal; and (2) the admission of Exhibit 55 was already found to be harmless error and, thus, does not constitute prosecutorial misconduct.[41] In his reply brief, Mr. Gwathney states that the prosecutor destroyed or excluded from trial exculpatory evidence, and lists that evidence as: (1) two witnesses that would have told how the $14,000.00 repair bill was paid; (2) receipts for the four payments for

---

[39]*See Gwathney*, 465 F.3d at 1142 ("The premise of Gwathney's defense was that he was unaware of the presence of the marijuana in his trailer. . . . The evidence regarding the wire transfer (later determined to be $921) went to at least part of the source of the $14,000 in cash, not its existence. Nor did it directly address Gwathney's knowledge of the drugs contained in his trailer.").

[40]*See* ***Motion*** *(Doc. 1)* at 8 of 18; ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 32 of 38 through 34 of 38.

[41]*See* ***Response*** *(Doc. 11)* at 18-19.

the repair bill; (3) Mr. Gwathney's cell phone record; (4); Mr. Gwathney's trip permit; (5) the "Level 2 Inspection Report;" (6) fuel receipts showing Mr. Gwathney used a "Lithium and Gold" fuel card; (7) the purchase order for 840 cases of potatoes; and (8) witness Robert Kempster, owner of "Lithium and Gold," who would have testified about how the repair bill was paid.[42] The Government filed a sur-reply to address Mr. Gwathney's claims in his reply brief, stating that the evidence that was destroyed was the drug evidence that was found in the trailer "which cannot be classified . . . as *exculpatory*," and that Mr. Gwathney was given proper notice that the destruction would take place.[43] Mr. Gwathney filed a sur-surreply stating that the documents produced by the Government in its surreply are also fraudulent and do not pertain to Mr. Gwathney's case.[44]

Despite the Government's claim that the issue of prosecutorial misconduct may be procedurally barred, in the interest of judicial economy the Court will consider the issue on the merits. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994) (declining to address the procedural bar issue in a 28 U.S.C. § 2255 petition because the claim would fail on its merits anyway); *Miller v. Mullin*, 354 F.3d 1288, 1297-98 (10th Cir. 2004) (in the interest of judicial economy, a court may consider the case on the merits despite an unresolved issue of procedural default). Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Mr. Gwathney fails to show that any of the

---

[42]*See* ***Petitioner's Reply Brief to Government's Response to Petitioner's 28 U.S.C. § 2255*** *(Doc. 12)* at 3 of 18 through 6 of 18.

[43]*See* ***Government's Limited Response to Petitioner's Reply Brief*** *(Doc. 14)* at 2 and Exhibit 1.

[44]*See* ***Petitioner's Response to Government's Limited Response and Motion in Support of an Evidentiary Hearing*** *(Doc. 15)* at 2.

evidence he claims was destroyed or excluded from trial "infected the trial with unfairness," especially since during the trial Mr. Gwathney could have presented any of the evidence or called the witnesses he lists. Instead, the Court notes that Mr. Gwathney's chief complaint about the evidence is the introduction of Exhibit 55, and the Court finds no evidence that the introduction of this evidence resulted in an unfair trial such that Mr. Gwathney's conviction is a denial of due process. In addition, the issue raised in the surreply and sur-surreply of the destruction of the drug evidence and whether Mr. Gwathney was properly given notice of its destruction, is also a collateral issue and Mr. Gwathney makes no showing that the destruction of the drug evidence led to any unfairness in his trial. Therefore, the Court finds that these issues do not constitute prosecutorial misconduct and Mr. Gwathney's claim for relief for prosecutorial misconduct should be denied.

**3. Actual Innocence**

Finally, Mr. Gwathney claims "[a]ctual [i]nnocence," stating that false evidence was admitted, exculpatory evidence was destroyed, and that the prosecutor did not prove that Mr. Gwathney had knowledge of the drugs in the trailer.[45] The Government responds that this is another attempt by Mr. Gwathney to re-litigate the introduction of the Western Union wire transfer evidence, that the jury found that Mr. Gwathney had knowledge of the drugs in the trailer, and that the Tenth Circuit rejected Mr. Gwathney's claim of innocence by stating that "[t]he evidence fairly screams of his knowledge of the drugs secreted in his trailer."[46]

---

[45]*See* ***Motion*** *(Doc. 1)* at 8 of 18; ***Memorandum of Law in Support of Motion to Vacate[,] Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*** *(Doc. 3)* at 37 of 38 through 38 of 38.

[46]*See* ***Response*** *(Doc. 11)* at 19-20 (quoting *Gwathney*, 465 F.2d at 1142).

To establish actual innocence, Mr. Gwathney must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotations omitted); *Demarest v. Price*, 130 F.3d 922, 942 (10th Cir. 1997). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Mr. Gwathney presents no evidence that makes it more likely than not that no reasonable juror would have convicted him. As the Court has stated above, the evidence showing that he was wired a portion of the money used for repairs for his trailer, which contradicts the government agent's testimony, goes to a collateral issue that was used to impeach Mr. Gwathney, not to the central issue of the case, which is Mr. Gwathney's knowledge of the drugs in the trailer. Mr. Gwathney does not present any evidence showing he is actually innocent, instead he merely states that there was legal insufficiency to convict him, which does not support a claim for actual innocence. Thus, Mr. Gwathney's claim for relief based on actual innocence should be denied.

**Motions for Evidentiary Hearing**

Mr. Gwathney asks the Court to set an evidentiary hearing in this proceeding so that the Court may investigate whether there was sufficient evidence to convict him and whether Mr. Gwathney's counsel was ineffective.[47] Mr. Gwathney also asks for an evidentiary hearing "so that newly discovered evidence can be entered into the record proving all of the petitioner's claims, and erasing all doubts."[48] The Government states in its ***Response*** that "[t]here is no right, and no

---

[47]*See* ***Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion*** (*Doc. 5*) at 2.

[48]*See* ***Motion Substantiating the Need for an Evidentiary Hearing*** *(Doc. 18)* at 3.

reason, for a hearing," which the Court construes as the Government's objection to an evidentiary hearing.[49]

Under 28 U.S.C. § 2255, the Court must conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Accordingly, a § 2255 movant must allege facts which, if proved, would entitle him to relief. *See United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, do not warrant relief in a § 2255 proceeding. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall*, 935 F.2d at 1110). Because Mr. Gwathney has not presented any supporting factual averments which would entitle him to relief if proved, and because the ***Motion*** and the pleadings in this case and the criminal case conclusively show that Mr. Gwathney is entitled to no relief, an evidentiary hearing is not required. Thus, the Court recommends that Mr. Gwathney's ***Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion*** (*Doc. 5*) and ***Motion Substantiating the Need for an Evidentiary Hearing*** *(Doc. 18)* be denied.

**Motions for Transcript of April 6, 2005 Hearing**

Mr. Gwathney also asks the Court to preserve and produce the transcript for the April 6, 2005 hearing that was before District Judge William Johnson on Mr. Gwathney's motion to produce Western Union's business records.[50] In support of these motions, Mr. Gwathney states that: (1) his ***Motion*** *(Doc. 1)* is not frivolous; (2) this transcript is needed to prove his claims of constitutional

[49] *See* ***Response*** *(Doc. 11)* at 20.

[50] *See* ***Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel*** (*Doc. 10*) and ***Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005*** *(Doc. 13).*

violations; (2) exculpatory evidence has been destroyed in his case; (3) the transcript supports "newly discovered evidence;" and (4) Mr. Gwathney is without funds and has moved to proceed *in forma pauperis*.[51] The Government has failed to file and serve timely responses in opposition to either of these motions which constitutes consent to grant the motions pursuant to D.N.M.LR-Civ. 7.1(b).

Notwithstanding the Government's failure to file timely responses to the motions, the Court finds that these motions should be denied because it finds that the transcript it is not necessary to decide the issues presented in Mr. Gwathney's ***Motion*** *(Doc. 1)*. A person making a motion under 28 U.S.C. § 2255 must be furnished a transcript at the cost of the United States only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). The Court is not required to "furnish a transcript for exploratory use in collateral federal proceedings." *Hines v. Baker*, 422 F.2d 1002, 1007 (10th Cir. 1970). *See also United States v. MacCollom*, 426 U.S. 317, 327-28 (1976) (holding that conclusory allegations in a 28 U.S.C. § 2255 proceeding did not support indigent petitioner's request for a transcript). Mr. Gwathney has not shown that this transcript is necessary to decide his claims of ineffective assistance of counsel, prosecutorial misconduct, or actual innocence, and to the extent he wants the transcript to explore additional constitutional claims, the Court is not required to furnish a transcript for such exploratory use. Therefore, the Court recommends that Mr. Gwathney's ***Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's***

[51]*See* ***Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel*** (*Doc. 10*) at 2, and ***Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005*** *(Doc. 13)* at 1-2.

***Truck and Motion to Replace Defense Counsel*** (*Doc. 10*) and ***Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005*** *(Doc. 13)* be denied.

**Motion to Produce Grand Jury Transcript and Material**

Mr. Gwathney filed a ***Motion to Produce Grand Jury Transcript and Material*** *(Doc. 16)* on January 7, 2008, and the Government responded on January 9, 2008, with the ***Government's Response to Defendant's Motion to Produce Grand Jury Transcript and Material*** *(Doc. 17)*. Mr. Gwathney asks the Court for an order to provide him with "a copy of Grand Jury transcript and material used against [him] at that hearing," and he states that he needs the transcript and material to substantiate his claims that the Government destroyed exculpatory evidence and did not present it to the grand jury.[52] The Government responds that it did not withhold any exculpatory information from the grand jury nor did it destroy any exculpatory information.[53] Nonetheless, the Government states that the issue is moot because it already provided Mr. Gwathney, through his defense counsel, with the grand jury transcripts of the testimony of the DEA special agent who was the only witness to testify before the grand jury in Mr. Gwathney's criminal case, and that it provided Mr. Gwathney with the three exhibits that were before the grand jury, which were also introduced as exhibits at trial. The Government states that it is not in possession of any other grand jury materials. In addition, the Government states that it will copy and mail another copy of the grand jury transcript to Mr. Gwathney.[54] Mr. Gwathney appears to acknowledge receipt of the transcript in his ***Motion***

---

[52]*See* ***Motion to Produce Grand Jury Transcript and Material*** *(Doc. 16)* at 1-2.

[53]*See* ***Government's Response to Defendant's Motion to Produce Grand Jury Transcript and Material*** *(Doc. 17)* at 1.

[54]*Id.* at 2.

***Substantiating the Need for an Evidentiary Hearing*** *(Doc. 18)*, at page 2 ("The government has now sent petitioner a copy of the grand jury transcript after petitioner submitted a motion to this Court on January 7, 2008."). The Court, therefore, finds that this motion is now moot and should be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

**(1)** the claims raised in Mr. Gwathney's ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 1)* be **DENIED** and that Case No. CIV-07-0899 be **DISMISSED with prejudice;**

**(2)** the ***Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion*** (*Doc. 5*) and ***Motion Substantiating the Need for an Evidentiary Hearing*** *(Doc. 18)* be **DENIED**;

**(3)** the ***Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel*** (*Doc. 10*) and ***Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005*** *(Doc. 13)* be **DENIED**; and

(4) that the ***Motion to Produce Grand Jury Transcript and Material*** *(Doc. 16)* be **DENIED as MOOT**.

Lourdes A. Martínez

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**