IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                           No. CV 07-0899 WJ/LAM
                                CR 04-1553 WJ

**CHARLES ELLWOOD GWATHNEY,**

       **Defendant/Movant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 20)* AND DENYING AS MOOT MOTION TO OBTAIN A COPY OF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 25)*

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition* (hereinafter "*PF&RD*")[1] *(Doc. 20)*, filed on March 4, 2008.  On April 23, 2008, Mr. Gwathney filed *Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition* (hereinafter "*Objections*")[2] *(Doc. 27)*, and on May 1, 2008, the Government filed *Government's Response to Defendant's Objection to the Proposed Findings and Recommended Disposition (Doc. 28)*.  The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Mr. Gwathney objects, relevant portions of the record of this case and relevant law.  Having done so, the Court has determined that

---

[1] Unless otherwise noted, all referenced documents are from Case No. CIV-07-899.

[2] The Court notes that these *Objections* are timely pursuant to *Memorandum Opinion and Order (Doc. 24)*, which allowed Mr. Gwathney ten days after service of that order to file his objections.  *See Objections* at 8 and *Letter (Doc. 26)*, indicating that Mr. Gwathney was served with *Memorandum Opinion and Order (Doc. 24)* on April 15, 2008.

Mr. Gwathney's *Objections* are without merit. Accordingly, the Court will overrule Mr. Gwathney's *Objections*; adopt the *PF&RD*; deny Mr. Gwathney's *Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*, without an evidentiary hearing; deny Mr. Gwathney's *Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion* (*Doc. 5*); deny Mr. Gwathney's *Motion Substantiating the Need for an Evidentiary Hearing (Doc. 18)*; deny Mr. Gwathney's *Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel* (*Doc. 10*); deny Mr. Gwathney's *Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005 (Doc. 13)*; deny as moot Mr. Gwathney's *Motion to Produce Grand Jury Transcript and Material (Doc. 16)*; and dismiss this case with prejudice. In addition, the Court will deny as moot Mr. Gwathney's *Motion to Obtain a Copy of Magistrate Judge [sic] Report and Recommendations Denying Petitioner's 2255 Motion and an Order Extending the Deadline so Petitioner can Make Objections to the Report (Doc. 25)*.

Mr. Gwathney appears to argue in his *Objections* that the Magistrate Judge did not address in the *PF&RD* whether Mr. Gwathney's counsel was ineffective by failing to argue that Mr. Gwathney's Fourth Amendment rights were violated when Patrolman Smid placed Mr. Gwathney in handcuffs without a *Miranda* warning, and then unlawfully searched the boxes in the tractor-trailer. *See Objections* at 2, 6. Mr. Gwathney states that "the Tenth Circuit never had the opportunity to entertain this claim." *Id.* at 3. Mr. Gwathney asks the Court to answer whether Mr. Gwathney's "initial arrest" was lawful, and if it was not, whether Patrolman Smid violated the Fourth Amendment by opening the boxes on the tractor-trailer. *Id.* at 6. The Government states that the District Court

and the Tenth Circuit Court of Appeals did address this issue and held that Patrolman Smid had probable cause to inspect the boxes, and, thus, it was reasonable for Patrolman Smid to place Mr. Gwathney in handcuffs for safety reasons.  *See* ***Government's Response to Defendant's Objection to the Proposed Findings and Recommended Disposition*** *(Doc. 28)* at 2-3.

The Court finds that Mr. Gwathney's contention that his counsel was ineffective for failing to argue that it was unlawful for Patrolman Smid to place Mr. Gwathney in handcuffs while searching the tractor-trailer has no merit.  As stated in the ***PF&RD*** on page 6, to prevail on an ineffective assistance of counsel claim, Mr. Gwathney must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  It is undisputed that Patrolman Smid testified that he placed Mr. Gwathney in handcuffs after discovering the boxes in the tractor-trailer in order to secure the safety of both Mr. Gwathney and the officers present.  *See* ***Objections*** at 3 (citing to the trial record) and ***Government's Response to Defendant's Objection to the Proposed Findings and Recommended Disposition*** *(Doc. 28)* at 3.  This was a permissible action on the part of Patrolman Smid.  *See United States v. Neff*, 300 F.3d 1217, 1220-21 (10th Cir. 2002) (officers may place a suspect in handcuffs to protect their safety and to maintain the status quo during an investigative stop or detention); *see also United States v. Carter*, 360 F.3d 1235, 1240 (10th Cir. 2004) (law enforcement agents may take reasonable steps to protect themselves and others even without probable cause to arrest).  Therefore, Mr. Gwathney's counsel's performance did not fall below an objective standard of reasonableness for failing to argue this point, and the Court finds that Mr. Gwathney's ***Objections*** have no merit.  *See Jones v. Barnes*, 463 U.S. 745, 754 (1983)

(holding that counsel does not have a duty "to raise every 'colorable' claim suggested by a client"); *Ellis v. Saffle*, No. 00-6316, 13 Fed. Appx. 756, 759 (10th Cir. June 4, 2001) (unpublished) (holding that denying a claim for ineffective assistance of counsel for simply failing to raise an issue "is not an unreasonable application of *Strickland*").

Also before the Court is Mr. Gwathney's ***Motion to Obtain a Copy of Magistrate Judge [sic] Report and Recommendations Denying Petitioner's 2255 Motion and an Order Extending the Deadline so Petitioner can Make Objections to the Report*** *(Doc. 25)*, which was mailed on April 14, 2008, and filed on April 17, 2008. On April 2, 2008, I entered an ***Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 20)*** *(Doc. 21)* and ***Judgment*** *(Doc. 22)*. On April 7, 2008, Mr. Gwathney filed an ***Affidavit*** *(Doc. 23)* stating that he did not receive a copy of the ***PF&RD*** and asking for a copy to be sent to him and for an extension of the deadline to file objections. On April 10, 2008, I entered a ***Memorandum Opinion and Order*** *(Doc. 24)* ordering another copy of the ***PF&RD*** be sent to Mr. Gwathney and allowing time for Mr. Gwathney to file objections. On April 15, 2008, the day after he mailed his ***Motion to Obtain a Copy of Magistrate Judge [sic] Report and Recommendations Denying Petitioner's 2255 Motion and an Order Extending the Deadline so Petitioner can Make Objections to the Report*** *(Doc. 25)*, Mr. Gwathney wrote a ***Letter*** *(Doc. 26)* to the Court stating that he had received a copy of the ***PF&RD*** and the ***Memorandum Opinion and Order*** *(Doc. 24)* that day. The Court, therefore, finds that Mr. Gwathney's ***Motion to Obtain a Copy of Magistrate Judge [sic] Report and Recommendations Denying Petitioner's 2255 Motion and an Order Extending the Deadline so Petitioner can Make Objections to the Report*** *(Doc. 25)* is moot.

**IT IS THEREFORE ORDERED** that *Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 27)* are **OVERRULED** and the *Proposed Findings and Recommended Disposition* (*Doc. 20*) are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Mr. Gwathney's *Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*, *Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. § 2255 Motion* (*Doc. 5*), *Motion Substantiating the Need for an Evidentiary Hearing (Doc. 18)*, *Motion to Preserve Transcript of the April 6, 2005 Hearing on Motion to Produce Business Records of Western Union and Documents Seized in Defendant's Truck and Motion to Replace Defense Counsel* (*Doc. 10*), and *Motion for Order to Produce and Obtain Transcript of the Hearing of April 6, 2005 (Doc. 13)* are **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Gwathney's *Motion to Produce Grand Jury Transcript and Material (Doc. 16)* is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Mr. Gwathney's *Motion to Obtain a Copy of Magistrate Judge [sic] Report and Recommendations Denying Petitioner's 2255 Motion and an Order Extending the Deadline so Petitioner can Make Objections to the Report (Doc. 25)* is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**