**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.                                                        **No. CV 07-0899 WJ/LAM
CR 04-1553 WJ**

**CHARLES GWATHNEY,**

      **Defendant/Movant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant/Movant's two motions under Fed. R. Civ. P. 60(b) (*CV Docs. 48, 49; CR Docs. 134, 136*). Also before the Court is Defendant/Movant's ***Motion for Leave to Proceed on Appeal Without Payment of Costs or Fees*** (*CV Doc. 43*), which will be denied as moot because Defendant's appeal has been dismissed (*see CV Doc. 46; CR Doc. 133*).

On June 26, 2008, the Court construed Defendant/Movant's earlier motion to reconsider *(CV Doc. 34; CR Doc. 128)* as filed under Fed. R. Civ. P. 59 and, alternatively, under Fed. R. Civ. P. 60. *See Order (CV Doc. 40)* at 1. The Court transferred that motion to the Court of Appeals for the Tenth Circuit as a second or successive motion under 28 U.S.C. § 2255. *Id.* at 3. The Court of Appeals declined to remand the matter or to authorize further proceedings in this Court. *See In re Gwathney*, No. 08-2145, slip ord. at 5 (10th Cir. July 30, 2008) *(CV Doc. 45)*. In this circumstance, as stated by the Court of Appeals for the Sixth Circuit, "[a] party should not be allowed to force a District Court to consider for a third time arguments previously made." *Jetero Const. Co., Inc. v.*

*South Memphis Lumber Co., Inc.*, 531 F.2d 1348, 1352 (6th Cir. 1976) (vacating an amended judgment entered after a second rule 59 motion). Defendant/Movant's motions under Fed. R. Civ. P. 60(b) will, therefore, be denied in the first instance under the reasoning in *Jetero Const. Co.*

Furthermore, Defendant/Movant's motions under Fed. R. Civ. P. 60(b) should be denied because the Court of Appeals for the Tenth Circuit dismissed Defendant/Movant's appeal from the denial of his § 2255 motion. *See United States v. Gwathney*, No. 2141, 2008 WL 4788261, at *4 (10th Cir. Oct. 31, 2008) (unpublished). "[W]e are convinced that Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir. 1992); *and see United States v. Callejas*, No. 06-2131, 221 F. Appx. 772, 773, 2007 WL 1054685 (10th Cir. April 10, 2007) (unpublished) (comparing dismissal of certificate of appealability to affirmance in habeas proceeding) (dictum). "Following appellate disposition, . . . the judgment is no longer subject to district court amendment beyond the ministerial dictates of the mandate, which encompasses the full scope of jurisdictional power granted to the district court on remand." *Colorado Interstate Gas Co.*, 962 F.2d at 1534. Because the Tenth Circuit did not remand the matter to this Court or issue any ministerial dictates in its mandates, the Court will deny Defendant's rule 60(b) motions.

**IT IS THEREFORE ORDERED** that Defendant/Movant's motions under Fed. R. Civ. P. 60(b) *(CV Docs. 48, 49; CR Docs. 134, 136)* are **DENIED**;

**IT IS FURTHER ORDERED** that Defendant/Movant's motion for leave to proceed on appeal under 28 U.S.C. § 1915 *(CV Doc. 43)* is **DENIED** as moot.

**IT IS SO ORDERED.**

_____
**HONORABLE WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE**